UNITED STATES *v.* YUEN ET AL. (No. 2207).[1]

LEGISLATIVE SANCTION OF JUDICIAL AND ADMINISTRATIVE CONSTRUCTION—SLICED DEER HORN.

Sliced deer horn, imported for use by the Chinese, after further processing, as medicine, having been held by·the Board of General Appraisers to be unmanufac-

---
[1] T. D. 39571.

'tured horn under the tariff act of 1897 and this decision having been administratively acquiesed in under successive reenactments of the same provision in the acts of 1909 and 1913, the decision of the Board of United States General Appraisers sustaining a protest claiming classification as such under paragaph 511, tariff act of 1913, against the collector's classification as a medicinal compound under paragraph 17 in accordance with the direction of the Assistant Secretary of the Treasury on May 12, 1916 (T. D. 36401), is affirmed.

## United States Court of Customs Appeals, March 30, 1923.

APPEAL from Board of United States General Appraisers, Abstract 45154.

[Affirmed.]

*William W. Hoppin*, Assistant Attorney General (*Samuel M. Richardson* and *Bernard Hahn*, special attorneys, of counsel), for the United States.
*Allan R. Brown* for appellees.

[Oral argument March 20, 1923, by Mr. Richardson and Mr. Brown.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges.

HATFIELD, Judge, delivered the opinion of the court:

This case involves importations of deer horn in the form of slices. It is used, after some preparation, by the Chinese as a medicine. It was imported in packages of less than 2½ pounds gross weight, and was returned by the appraiser for duty, as a medicinal compound in packages of 2½ pounds or less gross weight, at 20 per cent ad valorem, under paragraph 17 of the tariff act of 1913, in accordance with instructions in T. D. 36401.

The importers contend, and the board held, that the merchandise should have been admitted free of duty under the provisions of paragraph 511 of the act of 1913, which reads as follows:

Horns and parts of, including horn strips and tips, unmanufactured.

The question as to the proper classification of sliced deer horn, to be used as a medicine, in so far as we have been able to learn, was first decided by the Board of General Appraisers in 1904 in the case of Quong Chong Wing Co., G. A. 5550 (T. D. 24936).

In the above case the board held, that—

Sliced deer horn, used in medicine by the Chinese, but requiring further preparation before it can be so used, is not dutiable as a medicinal preparation under paragraph 67, tariff act of July 24, 1897, but is free of duty under the provision in paragraph 577 of said act for "horns and parts of, unmanufactured."

In the opinion written by Lunt, general appraiser, in the above case, the following language is used:

The substance of said merchandise is a species of deer horn, sliced thin across the grain, and is used by the Chinese for medicinal purposes.

It seems clear that sliced deer horn, which was the subject of discussion and decision in the above case, is substantially the same as the merchandise under discussion in this case.

The descriptive language used by the board in T. D. 24936 can very properly be used in a classification of the merchandise in question here.

It is to be noted that the language in paragraph 589 of the tariff act of 1909 is identical with the language in paragraph 577 of the tariff act of 1897, and that the same language is employed in paragraph 511 of the tariff act of 1913.

The record in this case discloses that the merchandise involved has been admitted free under the provisions of paragraph 511 of the tariff act of 1913, until a reclassification was called for by T. D. 36401, which is a letter from the Assistant Secretary of the Treasury, dated May 12, 1916.

It is apparent that merchandise of this kind and character has been admitted free of duty, in accordance with the decision of the Board of General Appraisers in T. D. 24936, until the reclassification order in 1916.

The Board of General Appraisers, on November 9, 1921, in T. D. 38905 (G. A. 8476) again held—

Deer horn in slices to be free of duty under paragraph 511.

The merchandise in question in that case was in all respects the same as the merchandise involved herein.

It is interesting to note that the language in paragraph 1592 of the tariff act of 1922 is identical with the language in the act of 1897, the act of 1909, and the act of 1913, to wit:

Horns and parts of, including horn strips and tips, unmanufactured.

It is unnecessary to undertake an exhaustive discussion of judicial classification of the different forms of deer horn in cases cited in briefs of both the Government and the importers.

It is clear that we have in this case legislative recognition and approval of administrative practice as well as legislative recognition and approval of judicial interpretation and construction.

The decision of the Board of General Appraisers is *affirmed.*