CRESCA CO. (INC.) *v.* UNITED STATES (NO. 2817)[1]

United States Court of Customs Appeals, May 7, 1927

*B. A. Levett* for appellant.
*Charles D. Lawrence*, Assistant Attorney General (*Oscar Igstaedter* and *Reuben Wilson*, special attorneys), for the United States.

[Oral argument April 20, 1927, by Mr. Levett and Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

Merchandise invoiced as "grenadine flavored sirup, cresca," was classified by the collector as a nonenumerated manufactured article and was therefore assessed for duty at 20 per centum ad valorem under that part of paragraph 1459 of the Tariff Act of 1922 which reads as follows:

1459. That there shall be levied, collected, and paid * * * on all articles manufactured in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

The importer protested that the importation was a sugar sirup, not specially provided for, testing above 48 per centum total sugars, and therefore dutiable at twenty-five one hundredths of 1 cent per gallon plus two hundred and seventy-five one thousandths of 1 cent per gallon for each per centum of total sugars, and in proportion for frac-

---

[1] T. D. 42185.

tions of a per centum under that part of paragraph 502 of said act which reads as follows:

502. Molasses and sugar sirups, not specially provided for, testing not above 48 per centum total sugars, twenty-five one-hundredths of 1 cent per gallon; testing above 48 per centum total sugars, two hundred and seventy-five one-thousandths of 1 cent additional for each per centum of total sugars and fractions of a per centum in proportion * * *.

The United States Customs Court held that the merchandise was a mixture containing sugar and water testing by the polariscope above 50 sugar degrees but not above 75 sugar degrees, and therefore dutiable under that part of paragraph 501 of the Tariff Act of 1922 which reads as follows:

501. Sugars, * * * sirups of cane juice, * * * and *all mixtures containing sugar and water*, testing by the polariscope above fifty sugar degrees and not above seventy-five sugar degrees, 1 24/100 cents per pound * * *. (Italics ours.)

The United States Customs Court accordingly, without "affirming the action of the collector," overruled the protests, and the importer appealed.

On the hearing before the board there were offered and received in evidence on behalf of the importer two samples of the importation and the appraiser's report as to the nature of the merchandise. The appraiser's report reads as follows:

The merchandise in question consists of what is known as grenadine sirup, a sirup of sugar to which citric or tartaric acid and vegetable flavor have been added, and containing no alcohol. It is similar in character to the merchandise subject of T. D. 35923, according to which it is dutiable as a nonenumerated manufactured article at 20 per cent under paragraph 1459, as returned.

Respectfully

Ex. VAN ETTEN                                    F. J. H. KRACKE, *Appraiser.*

On the application of the importer the grenadine sirup was analyzed by the official chemist, who reported that it contained $71\frac{7.5}{100}$ *per centum* total sugars.

It is clear from the chemist's report that the merchandise is a sirup of sugar to which has been added citric or tartaric acid or vegetable flavor. A sirup is a saturated solution of sugar in water. See "sirup"—New Standard Dictionary. To that solution there has been added, in this case, either citric or tartaric acid or some vegetable flavor and the mixture thereby produced is, therefore, a mixture containing sugar and water. The chemist's analysis discloses that the grenadine sirup contains $71\frac{7.5}{100}$ *per centum* of sugar but on its face it does not make known the number of sugar degrees found. Article 659 of the Customs Regulations of 1923 expressly provides, however, that the statutory expression "testing by the polariscope * * * sugar degrees" shall be construed to mean the percentage of sucrose contained in the sugar shown by direct polarimetric estimation.

The interpretation by an executive department of the Government of any provision of law is not binding on the courts unless it be long continued and applied. If such an interpretation be long continued and administratively applied, however, the courts may accept it as the meaning of a statute concerning which there is doubt as to the legislative intent. In this case we find that the interpretation given to the expression "testing by the polariscope * * * sugar degrees" by article 659 of the Customs Regulations of 1923 was given to the same expression by article 991 of the Customs Regulations of 1908, which interpretation was continued in effect by article 532 of the Customs Regulations of 1915.

An administrative interpretation which has been in effect without alteration or change for 19 years and which was made applicable to like statutory language in the tariff acts of 1897, 1909, 1913, and 1922 must be accepted as meeting legislative approval and as correctly construing the language which Congress used. See paragraph 209, tariff act of 1897; paragraph 216, tariff act of 1909; paragraph 177, tariff act of 1913; paragraph 501, tariff act of 1922.

The only test prescribed by statute for sugar content is the polariscopic test, and we must presume that the chemist made his test in accordance with statutory requirements. In view of the fact that sugar degrees have been so long construed to mean the percentage of sucrose in sugar, we must hold that the $71\frac{75}{100}$ per centum total sugars reported by the chemist means $71\frac{75}{100}$ sugar degrees.

The grenadine sirup under consideration is a mixture containing sugar and water which is specially provided for in paragraph 501 and is, therefore, excluded from paragraph 502, which is limited to molasses and sugar sirups not specially provided for. The sirup is a manufacture but as it is provided for under the designation "all mixtures containing sugar and water" testing by the polariscope above 50 sugar degrees, it is dutiable under paragraph 501 and not under paragraph 1459.

The judgment of the United States Customs Court is, therefore, *affirmed.*