CRESCA CO. (INC.) ET AL. *v.* UNITED STATES (NO. 3165)[1]

United States Court of Customs and Patent Appeals, April 29, 1929

*B. A. Levett* for appellants.
*Charles D. Lawrence,* Assistant Attorney General (*Marcus Higginbotham,* special attorney, of counsel), for the United States.

[Oral argument April 3, 1929, by Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, and GARRETT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

Forty-four entries of grenadine-flavored sirup were made at the port of New York by appellants. In each case the merchandise was classified by the collector as a not enumerated manufactured article under paragraph 1459 of the Tariff Act of 1922. Forty-one protests were filed covering these various entries and the classifications thereon. In 25 of these protests, claim was made that the merchandise was dutiable as sugar sirup under paragraph 502 of said act. In the remainder of the protests a similar claim was made under said paragraph 502, with an alternative claim under paragraph 501 of said act, either directly or by similitude, as a mixture containing sugar and water. There are some discrepancies between the protest numbers as enumerated at various places in the record which are not important because of the conclusion we have arrived at upon the merits. The United States Customs Court overruled the protests in all respects, and the importers have appealed.

---

[1] T. D. 43376.

Paragraphs 501 and 502 are as follows:

PAR. 501. Sugars, tank bottoms, sirups of cane juice, melada, concentrated melada, concrete and concentrated molasses, testing by the polariscope not above seventy-five sugar degrees, and all mixtures containing sugar and water, testing by the polariscope above fifty sugar degrees and not above seventy-five sugar degrees, 12⁴/₁₀₀ cents per pound, and for each additional sugar degree shown by the polariscopic test, forty-six one-thousandths of 1 cent per pound additional, and fractions of a degree in proportion.

PAR. 502. Molasses and sugar sirups, not specially provided for, testing not above 48 per centum total sugars, twenty-five one-hundredths of 1 cent per gallon; testing above 48 per centum total sugars, two hundred and seventy-five one-thousandths of 1 cent additional for each per centum of total sugars and fractions of a per centum in proportion; molasses testing not above 52 per centum total sugars not imported to be commercially used for the extraction of sugar, or for human consumption, one-sixth of 1 cent per gallon; testing above 52 and not above 56 per centum total sugars not imported to be commercially used for the extraction of sugar, or for human consumption, one-sixth of 1 cent additional for each per centum of total sugars and fractions of a per centum in proportion.

The imported merchandise is contained in bottles and is, as differently described by the appraiser, "a sirup of sugar to which citric or tartaric acid or vegetable flavor has been added and containing no alcohol," and "grenadine sirup, of sugar and water to which citric or tartaric acid and vegetable flavoring have been added, and containing no alcohol." It is stipulated that the merchandise tests less than 50 sugar degrees by polariscopic test. In the report of the appraiser in protest 240209–G/18314, which is certified to be typical of 15 other protests involved here, it is stated that the Government analyst applied the polariscopic test to the merchandise and found it to contain 12.80 sugar degrees. The record in protest No. 972967/6574, concerning an importation of grenadine sirup imported in 1923, was received in evidence, but adds little or nothing to the facts already stated. The merchandise in the protest last cited contained 71.75 per cent total sugars.

The claim that the merchandise is dutiable under said paragraph 501, in the judgment of the court, can not be sustained. It is not claimed that there is any language in this paragraph which might cover this product except that referring to mixtures containing sugar and water. The limitation contained in said paragraph is that such mixtures must test by the polariscope above 50 sugar degrees. The merchandise at bar does not do this, but tests much less. Therefore it can not be directly included in the paragraph. The case is not to be controlled by *Cresca Co.* v. *United States*, 15 Ct. Cust. Appls. 105, T. D. 42185, where the merchandise was classified under this paragraph because of the fact that it tested 71.75 per centum of sugar and, therefore, was therein specially provided for.

Nor can it be so classified by similitude. Early in the history of this court a rule was adopted as to the application of the doctrine

of similitude, which has proved to be a safe one and has not been departed from. In *Fensterer & Ruhe* v. *United States*, 1 Ct. Cust. Appls. 93, T. D. 31110, Hunt, J., speaking for the court, discussed the somewhat divergent opinions of the Federal courts on this subject and finally adopted the rule laid down in *Schoenmann* v. *United States*, 119 Fed. 584, to this effect:

* * * when the statute expressly prescribes a duty for this material, when it is in a certain condition, it must be taken to preclude the application of the similitude statute to the same material not in that condition.

To the same effect are *Akawa, Morimura & Co.* v. *United States*, 11 Ct. Cust. Appls. 418, T. D. 39432; *United States* v. *Neuman & Schwiers Co.*, 6 Ct. Cust. Appls. 228, T. D. 35467.

Applying the principle here, a mixture containing sugar and water is dutiable under paragraph 501 only if it tests above 50 sugar degrees. No application of the similitude statute can put it into a classification from which it is expressly excluded.

The claim under paragraph 502 is that the imported merchandise is sugar sirup, not specially provided for. It therefore becomes necessary to inquire whether the imported material can properly be considered as a sugar sirup. It is stipulated to test less than 50 degrees sugar by polariscopic test, which is equivalent to saying that it contains less than 50 per cent of total sugars. *Cresca Co.* v. *United States*, 15 Ct. Cust. Appls. 105, T. D. 42185. In 15 protests an official analysis disclosed a sugar content of 12.80 per centum. We are left in darkness by this record as to the exact sugar content of the remainder of the importations.

We agree with the Customs Court in its conclusion that this merchandise can not be classified as sugar sirup. We have held, in *Cresca Co.* v. *United States, supra,* in passing upon a somewhat similar product, that "a sirup is a saturated solution of sugar in water." In that case the percentage of sugar in the grenadine sirup was 71.75 and was referred to in the opinion as a "sirup of sugar." Here the percentage of sugar is less than 50, and in view of the conclusions in *Cresca Co.* v. *United States, supra,* we can not conclude that this merchandise is a saturated solution of sugar.

In *Balfour, Guthrie & Co.* v. *United States*, 14 Ct. Cust. Appls. 78, T. D. 41582, this court had under consideration merchandise known as solid molasses, and the question arose as to whether it was properly classifiable under said paragraph 502 as "molasses and sugar sirups, not specially provided for." Smith, J., speaking for the court, said in part:

The words "molasses" and "sirups," standing by themselves, as commonly understood and when used to designate the table product derived from sugar cane, mean the thick concentrated or condensed liquid, liquor, or fluid drained off the sugar or crystallized sugar in the making of sugar. See "Molasses" and

86

"Sirup," New Standard Dictionary. That Congress used those terms in their ordinary sense in paragraph 502 is evidenced by the fact that molasses and sirups are made dutiable by the gallon and not by the pound or dry measure.

We see no reason to depart from this sensible construction of the law. The Customs Court has recently adopted the same view in in a well-considered case. *Neuman & Schwiers Co.* v. *United States,* T. D. 43024, 54 Treas. Dec. 328.

The question arising as to whether this grenadine sirup, even if a saturated solution, might ever be properly classified under said paragraph 502, because of its citric or tartaric acid and fruit flavoring content, is one we need not consider here. As this merchandise is not a sugar sirup because of its low sugar content, the other question becomes immaterial.

The imported merchandise, not being within the scope of either paragraph 501 or 502, was properly classified as a manufactured article, not enumerated.

The judgment is *affirmed.*