## PROCTOR CO. v. UNITED STATES (No. 1459).[1]

HAIR NETS.

The goods are nets such as are worn by women on the head to keep the hair in place. They are accordingly articles of wearing apparel, but they are the more specifically provided for in paragraph 358, tariff act of 1913, by the *eo nomine* provision "nets."

### United States Court of Customs Appeals, May 3, 1915.

APPEAL from Board of United States General Appraisers, Abstract 36416 (T. D. 34756).

[Affirmed.]

*Philip Rubenstein* for appellant.

*Bert Hanson,* Assistant Attorney General (*Thomas J. Doherty,* special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The merchandise in this case was found by the Board of General Appraisers and is agreed to be nets such as are worn by women on the head for the purpose of keeping their hair in place. The netting is composed of silk and an elastic band to hold the same in place, of india rubber.

The only question here is one of law as to whether the merchandise is more specifically described under paragraph 317 of the tariff act of 1913, which reads as follows:

317. Clothing, ready-made, and articles of wearing apparel of every description, including knit goods, made up or manufactured in whole or in part by the tailor, seamstress, or manufacturer; all the foregoing composed of silk or of which silk or silk and india rubber are the component materials of chief value, not specially provided for in this section, 50 per centum ad valorem.

Or under that part of paragraph 358 which follows:

* * * Nets, nettings, veils, veilings, * * * and articles made in whole or in part of any of the foregoing fabrics or articles; all the foregoing of whatever yarns, threads, or filaments composed.

The merchandise was assessed under the latter paragraph, which assessment was affirmed by the board. The importers, appealing to this court, claim that the merchandise is more specifically described under paragraph 317 in that it is concededly wearing apparel, basing their claim upon the contention that the word "nets" as used in paragraph 358 does not refer to a completed article of wearing apparel, and especially does not refer to nets such as these, which they designate as hair nets. We think the importers' position is untenable.

The provision in paragraph 317 for articles of wearing apparel of every description composed of silk or of silk and rubber as component material of chief value is limited by the term "not specially provided for," while the applicable part of paragraph 358 is not so limited.

---

[1] Reported in T. D. 35387 (28 Treas. Dec., 749).

The word "nets" is an *eo nomine* provision exactly describing the merchandise here, and that as used in paragraph 358 it applies to a completed article is clear when the immediately following word "nettings" is given its ordinary meaning. That is, "nets" would naturally imply a finished article, while "nettings" would equally suggest material, no commercial meaning being claimed or shown, which is the case here.

Support is given to this conclusion by the use of the words "veils and veilings" in the same clause, the first of which naturally suggests a finished article and the second material. The presence of the term "not specially provided for" in paragraph 256 is of importance because it directs that if an article of wearing apparel is otherwise more specifically provided for it must be otherwise assessed. These nets are articles of wearing apparel, but they are elsewhere and more specifically provided for in paragraph 358 by the *eo nomine* description "nets." See Hall *v.* United States (T. D. 25340).

The expression, " of whatever yarns, threads, or filaments composed," is employed in paragraph 358 not for the purpose of extending the purview but to retain within it whatever is embraced in its preceding clauses unless some other controlling provision be found. Nets are so embraced *eo nomine*, and therefore so remain. G. A. 7570 (T. D. 34494).

The judgment of the Board of General Appraisers is *affirmed*.