UNITED STATES *v.* WAKEM & McLAUGHLIN (No. 1543).[1]

1. GRENADINE.

The testimony of the witnesses in the case was to the effect that grenadine is an article manufactured in accordance with a fixed formula, which, for 100 liters, is 80 kilograms of sugar, 50 liters of water, and 3 per cent of coloring matter and citric acid. *Held,* that such an article is not a fruit sirup under the provisions of paragraph 310 of the act of 1909, but is dutiable as a non-enumerated manufactured article.

2. FRUIT SIRUP.

It can not be said that because certain fruits contain citric acid and grenadine also contains citric acid, therefore grenadine is a fruit sirup, it appearing that citric acid not only exists in certain fruits but is made synthetically.

3. COMMERCIAL DESIGNATION.

The testimony of a single witness that " we "—evidently meaning the firm which he represented—" consider it among the fruit sirups " is not sufficient to show commercial designation.

4. SIMILITUDE.

The fact that grenadine contains citric acid and that certain fruits also contain that substance is not sufficient to show such similarity of substance as would justify classifying grenadine by similitude to fruit sirups.

United States Court of Customs Appeals, November 19, 1915.

APPEAL from Board of United States General Appraisers, Abstract 37258.

[Affirmed.]

*Bert Hanson,* Assistant Attorney General (*John J. Mulvaney,* special attorney, of counsel), for the United States.

*McLaughlin, Russell, Coe & Sprague* (*R. H. Hillis* of counsel) for appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The importation in question consists of grenadine, which was assessed for duty under the provisions of paragraph 310 of the act of 1909, which reads as follows:

Cherry juices and prune juice, or prune wine, and other fruit juices, and fruit sirup, not specially provided for in this section, containing no alcohol or not more than eighteen per centum of alcohol, seventy cents per gallon. *、 * *

It was claimed by the importers to be dutiable as an unenumerated manufactured article, under paragraph 480, and this claim having been sustained by the board the Government brings this appeal.

The question presented is (1) whether grenadine is a fruit sirup in fact, (2) whether it is a fruit sirup by commercial designation, and (3) whether it should be classified as a fruit sirup by similitude.

The testimony as to the manufacture of this particular commodity here in suit was taken by deposition. Three witnesses were called

---

[1] Reported in T. D. 35923 (29 Treas. Dec., 589).

who were familiar with the process of manufacture, and they unite in testifying that it is always made according to a fixed formula, which is, for 100 liters, 80 kilograms of sugar, 50 liters of water, and 3 per cent coloring matter and citric acid. One witness testified also that it contained some essence, but all testify that in every 100 liters of grenadine there are 3 liters of some other substance than sugar and water, and that those 3 liters consist of coloring matter and citric acid, and, according to one witness, some essence; but just what that essence consists of is not shown. It is stated, however, by one witness that it is impossible that any fruit juice could have been added. In fact the three witnesses united in saying that so far as they know the coloring matter does not contain any fruit juice.

This testimony as to the composition of grenadine accords with one definition of grenadine given in the dictionaries. There is a substance known as grenadine made from the sirup of the juice of the pomegranate fruit, but this, it would seem, is not the grenadine which is most common in commerce. The latter, according to the New Standard Dictionary, is a sirup of sugar to which citric or tartaric acid and vegetable flavoring has been added.

Citric acid can hardly be said to be the juice of fruit. It is defined as " a white, crystalline, sharply sour compound contained in various fruits and obtained from lemons, limes, and oranges, or made synthetically." While it is present in fruit in its undeveloped state, it is not, in any proper sense, the juice of fruit. In fact the Government witness, Dr. Ogden, a food inspection chemist in the employ of the United States Government, testifies, in answer to the question whether a liquid composed of 60 per cent sugar, 37 per cent water, and 3 per cent citric acid would be sufficient to give the entire mixture the taste of a citrus fruit, replied:

Well, I should state that it would be similar to a fruit sirup, but I would not state it is fruit sirup in itself, with the addition of simply citric acid, unless some of the juices of the fruit itself were added—of some fruit.

We think the board reached the correct conclusion in holding that the importation is not, within the meaning of this paragraph, a fruit sirup.

The testimony offered to show commercial designation is not sufficient. A single witness was called, and he was asked:

In your experience how do you class these particular grenadine sirups?

And he replied:

It is included under fruit sirups.

Q. Grenadine is found in your catalogue along with other fruit sirups?—A. Along with other fruit sirups, which we sell to the trade.

He then was asked this question:

Did I understand you rightly to say that it is known in trade as a fruit sirup, among the general class of fruit sirups?

And he replied:

I do not say that. I said *we* consider it among the fruit sirups. We class it under fruit sirups.

Without going to the length of holding that under no circumstances could commercial designation be shown by a single witness, we have no difficulty in saying that this testimony falls far short of establishing a knowledge of the trade usage which entitled the witness to testify to the fact of general and uniform usage such as is required. On the contrary, he expressly states that he does not say that the grenadine is known in trade as a fruit sirup.

As to the question of similitude, the evidence is somewhat meager. The mere fact that grenadine contains citric acid, and that certain fruits also contain that substance, is not sufficient to show such similarity of substance as would justify classifying this by similitude to fruit sirups, particularly as citric acid is made not only from fruit juices but is also made synthetically. The witness Wile testified that it is used about the same way as fruit sirup, largely diluted with water or as a flavoring material in more or less the same way as raspberry sirup, strawberry sirup, or currant sirup; that it is used diluted with water as a drink or as a flavoring for sauces. But obviously this is not the sole use, for in the Century Dictionary (supplement) it is defined as "A sweet drink; a sirup; used for colds, etc." We think that the board was also right in holding that there was no such similitude of substance or of use as to justify the classification of this substance as a fruit sirup.

It follows that the decision of the Board of General Appraisers should be *affirmed.*