GLEMBY'S SONS CO. (INC.) *v.* UNITED STATES (No. 3019) [1]

United States Court of Customs Appeals, January 30, 1928

*Fulton Brylawski* (*Wm. E. Russell* of counsel) for appellant.
*Charles D. Lawrence,* Assistant Attorney General (*William H. Futrell,* special attorney, of counsel), for the United States.

[Oral argument December 13, 1927, by Mr. Russell and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

Hair nets, imported at the port of New York, were classified by the collector of customs as nets or nettings composed wholly or in chief value of yarns, threads, or filaments, and were assessed for duty at 90 per centum ad valorem under that part of paragraph 1430 of the Tariff Act of 1922 which reads as follows:

1430. * * * nets and nettings * * * all the foregoing, finished or unfinished (except materials and articles provided for in paragraphs 920, 1006, 1404, 1406, and 1424 of this act), by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this act, when composed wholly or in chief value of yarns, threads, filaments * * * 90 per centum ad valorem.

The importer protested that the hair nets were either manufactures in chief value of human hair dutiable at 35 per centum ad valorem under paragraph 1424, or haircloth, or manufactures wholly or in chief value of cattle hair or horsehair, not specially provided for, dutiable

[1] T. D. 42591.

either at 35 per centum or 40 per centum ad valorem under that part of paragraph 1426 of the tariff act of 1922 which reads as follows:

1426. Haircloth, known as "crinoline" cloth * * * not specially provided for, 35 per centum ad valorem * * * and all other manufactures of every description, wholly or in chief value of cattle hair or horsehair, not specially provided for, 40 per centum ad valorem.

The United States Customs Court overruled the protest and the importer appealed.

The importer in support of its appeal contends, first, that hair nets are excluded by trade and commerce from the designation "nets and nettings" and are, therefore, not provided for in paragraph 1430; second, that the importation is dutiable at either 35 per centum or 40 per centum ad valorem under paragraph 1426.

We find nothing in the record which would justify us in concluding that the designation "nets and nettings" has a meaning in trade and commerce different from that ordinarily and commonly assigned to it. The only evidence adduced by the importer on the hearing before the United States Customs Court which could possibly be regarded as evidence of commercial designation was the testimony of George T. Gibbons and Benjamin Frankel. Gibbons testified that the goods imported were sold as hair nets and Frankel stated that said goods were "always sold as nets, hair nets." That evidence was wholly insufficient to establish that the term "nets and nettings" had a definite, uniform, and general meaning in trade and commerce which excluded hair nets. That the common meaning of the designation "nets" is broad enough to include "hair nets" was decided by this court in *Proctor Co.* v. *United States*, 6 Ct. Cust. Appls. 119, T. D. 35387. In that case the importer contended that hair nets made of silk were *hair nets* and not the nets or nettings provided for in paragraph 358 of the tariff act of 1913. We held, however, that the importer's contention was not tenable and that hair nets were not excluded from the designation "nets." Hair nets are a special class of nets, and while they are sold as hair nets they must be regarded as a species of nets in the absence of proof that "nets" has in trade and commerce a general, uniform, and definite meaning which, differing from the common meaning thereof, excludes hair nets. *United States* v. *Wakem & McLaughlin*, 6 Ct. Cust. Appls. 385, T. D. 35923; *United States* v. *Field & Co.*, 10 Ct. Cust. Appls. 183, T. D. 38550; *United States* v. *Bernard, Judae & Co.*, 13 Ct. Cust. Appls. 306, 308, 309, T. D. 41230.

That the nets or nettings are composed in chief value of cattle hair is not disputed, but, as paragraph 1430 subjects to a duty of 90 per centum ad valorem all nets by whatever name known and to whatever use applied and whether or not named, described, or provided for elsewhere in the act, that provision must be held more specific

than that part of paragraph 1426 which provides for "all manufactures of whatever description in chief value of cattle hair or horse hair, *not specially provided for.*" (Italics not quoted.)

Assuming that the nets are cloth, they are that particular kind of cloth which is known as a net and are not only more specifically provided for in paragraph 1430 but are expressly excluded by that paragraph from the operation of paragraph 1426. Congress carefully excluded from the operation of paragraph 1430 manufactures of human hair including the nets and nettings provided for in paragraph 1424, but it did not exclude manufactures or nets made in chief value of cattle hair or horsehair. Congrèss having specifically named the paragraphs which were excepted from the provisions of paragraph 1430, it must be held that no other paragraphs applicable to the goods named in paragraph 1430 can be excepted from its provisions. *United States* v. *Murphy & Co.*, 13 Ct. Cust. Appls. 456, 461, T. D. 41348; *Brown* v. *Maryland*, 12 Wheat., 419, 438; *Arnold* v. *United States*, 147 U. S. 494, 499.

The hair nets are made in chief value of cattle hair, and there is nothing in the record showing or tending to show that cattle hair is not a filament as defined by this court in *United States* v. *Veit, Son & Co.*, 8 Ct. Cust. Appls. 290, T. D. 37540. We must, therefore, hold that the importation is composed wholly or in chief value of filaments. Indeed the Standard Dictionary, Oxford Dictionary, Webster's International Dictionary, and the Century Dictionary describe hair as a filament.

The judgment of the United States Customs Court is *affirmed.*