MOUQUIN, INC. *v.* UNITED STATES (No. 3913)[1]

United States Court of Customs and Patent Appeals, November 25, 1935

*Walden & Webster* (*J. L. Klingaman* of counsel) for appellant.

*Joseph R. Jackson,* Assistant Attorney General (*Charles D. Lawrence,* Special Assistant to the Attorney General, and *Richard E. FitzGibbon,* special attorney, of counsel), for the United States.

[Oral argument October 8, 1935, by Mr. Klingaman and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court:

The importer has here appealed from the judgment of the United States Customs Court, Third Division, which overruled appellant's protest against the action of the collector in classifying as a non-

[1] T. D. 48050.

enumerated manufactured article, grenadine syrup, covered by certain entries, under paragraph 1459, Tariff Act of 1922, and in other entries under paragraph 1558, Tariff Act of 1930. Appellant claimed that by virtue of paragraph 1460, Tariff Act of 1922, and paragraph 1559, Tariff Act of 1930, the merchandise was dutiable under paragraph 501 or under paragraph 502 of the two acts under consideration, according to the date of importation.

The pertinent provisions of the paragraphs involved follow:

PAR. 1459 [Tariff Act of 1922]. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

PAR. 1558 [Tariff Act of 1930]. [This provision is identical with paragraph 1459 of the Tariff Act of 1922.]

PAR. 1460 [Tariff Act of 1922]. * * * and on articles not enumerated, manufactured of two or more materials, the duty shall be assessed at the highest rate at which the same would be chargeable if composed wholly of the component material thereof of chief value; * * * and the value of each component material shall be determined by the ascertained value of such material in its condition as found in the article.

PAR. 1559 [Tariff Act of 1930]. [Same as paragraph 1460, Tariff Act of 1922.]

PAR. 501 [Tariff Act of 1922]. Sugars, tank bottoms, sirups of cane juice, melada, concentrated melada, concrete and concentrated molasses, testing by the polariscope not above seventy-five sugar degrees, and all mixtures containing sugar and water, testing by the polariscope above fifty sugar degrees and not above seventy-five sugar degrees, 1 24/100 cents per pound, and for each additional sugar degree shown by the polariscopic test, forty-six one-thousandths of 1 cent per pound additional, and fractions of a degree in proportion.

PAR. 501 [Tariff Act of 1930]. [The provisions of this paragraph are the same as those of paragraph 501, Tariff Act of 1922, except for the rates prescribed.]

Appellant concedes that during most of the time since 1909, merchandise like that at bar has been held to be dutiable as a non-enumerated manufactured article. It contends, however, that the cases, to which more particular reference will be hereinafter made, which held grenadine of the kind at bar to be dutiable as a nonenumerated manufactured article, are not controlling of the issue here presented since this is the first time to the knowledge of appellant's counsel where the exact question presented here was before any court for decision. We agree with the statement of appellant's counsel, that, as far as we have observed, this question has never been presented to any court prior to the institution of the present litigation.

In order that appellant's contention that the hereinafter-referred-to decisions are not decisive of the issue at bar may be fully understood, appellant's exact contention probably should be restated. Appellant's claim is not that the grenadine involved is sugar or anything specified in paragraph 501 or that it is anywhere else enumerated in

the act, but that it is in fact a nonenumerated, manufactured article, and that the above-quoted provisions of paragraphs 1460 and 1559 require that when a nonenumerated manufactured article made of two or more materials is imported, duty shall be assessed at the highest rate at which the same would be chargeable if composed wholly of the component material of chief value; that in this instance, sugar is the component material of chief value, and that the merchandise, therefore, is dutiable in accordance with the terms of paragraph 501.

This court had merchandise like that at bar before it when it considered *Cresca Co. (Inc.)* v. *United States*, 15 Ct. Cust. Appls. 105, T. D. 42185, and *Cresca Co. (Inc.) et al.* v. *United States*, 17 C.C.P.A. (Customs) 83, T. D. 43376.

In the first *Cresca* case the question was whether or not the grenadine syrup there at bar should have been classified under paragraph 501, Tariff Act of 1922, as such a mixture of sugar and water as was provided for in the paragraph and whether it met the requirements of the same. The court held that it was dutiable under paragraph 501 since, upon that record, the mixture tested by the polariscope above 50 sugar degrees.

Appellant in the instant case does not contend that his merchandise is a mixture of sugar and water or that it comes directly under paragraph 501, but that duty should be assessed under paragraph 501 by virtue of the requirements of paragraphs 1460 and 1559, respectively.

In the second *Cresca* case the issue was whether or not grenadine testing less than 50 sugar degrees was a mixture containing sugar and water provided for in paragraph 501. No claim was made with reference to the applicability of paragraph 1460. This court held that the grenadine was a nonenumerated manufactured article for reasons which need not be discussed here.

In *United States* v. *Wakem & McLaughlin*, 6 Ct. Cust. Appls. 385, T. D. 35923, the court held that grenadine syrup was a nonenumerated manufactured article and not a fruit syrup.

The importer relies largely upon the case of *Savannah Sugar Refining Corp.* v. *United States*, 20 C.C.P.A. (Customs) 272, T. D. 46061, wherein it was held that a mixture of sugar and water, with a slight percentage of formaldehyde, was dutiable as sugar by virtue of the mixed materials clause. In that case, sugar was mixed with water. In the instant case, some kind of "syrup of sugar" was mixed with two other ingredients. So, it would appear that the question at bar on this record presents considerable novelty.

As to the nature of the merchandise at bar, the record is not very complete. Testimony in the form of answers by Gaston Magnier, manager of the foreign manufacturer, to interrogatories is in the record, the pertinent portions of which we quote as follows:

5 Q. Are you familiar with the ingredients used in the manufacture of the syrups, the quantities of such materials, necessary to make a given amount of syrup, and the prices paid by your firm for such materials?—A. Yes, I am.

6 Q. How did you acquire familiarity with the matters the subject of the previous interrogatory?—A. Because it was my personal duty to handle these matters in my firm.

7 Q. For any given quantity of syrup, please state the name of the various ingredients used in its manufacture, the quantities of each ingredient, and the unit prices paid by A. Magnier & Co. for said ingredients. Please give these figures for a definite time.—A. In order to manufacture 100 liters of grenadine syrup we use 99 liters of syrup of sugar containing 90 kilos of pure sugar, and one liter of grenadine flavoring extract; also a negligible quantity of coloring matter. From January 1, 1932, to January 1, 1934, the price paid by A. Magnier & Co. for 100 kilos of sugar was 360 francs; the price of the flavoring extract was 1,000 francs per hectoliter; the price of a liter of coloring extract was 80 francs; one liter of this extract is sufficient for coloring approximately eight hectoliters of grenadine syrup. All these prices are for merchandise delivered to our factory.

8 Q. According to the figures given by you in answer to the previous interrogatory, please state whether or not the sugar was the most costly ingredient in the manufacture of the quantity of syrup specified by you in your answer.—A. Of course it was, and it is and has always been the most costly ingredient.

A typical answer to a protest which is found in the record contains the following language:

The merchandise consists of what is known as grenadine, a syrup of sugar and water to which tartaric acid or citric acid vegetable flavoring has been added, and containing no alcohol. It was returned for duty as a non-enumerated manufactured article at 20% ad valorem under par. 1558, Act of 1930, following T. D. 35923. The Court of Customs Appeals in T. Ds. 42185 and 43376 held merchandise of this character to be not a sugar syrup covered by par. 502, but a mixture containing sugar and water. In addition the Customs Court has held (T. D. 44233) that even if the sugar test provided by par. 502 be met, the merchandise cannot be classified as a sugar syrup because of the presence therein of coloring and flavoring matter which are the distinguishing features of the article. A sample of merchandise similar to the above was submitted to the U. S. Analyst and was found, testing by the polariscope, to contain less than 50 sugar degrees, and therefore not covered by par. 501. The return at 20% under par. 1558, Act of 1930, is accordingly adhered to.

While the question of the applicability of paragraph 502 of the two tariff acts involved seems to have been before the trial court and is referred to in the Government's brief in this appeal, there is no assignment of error in the present appeal which brings a consideration of this paragraph before us.

The sole question presented is: Does the record show that the component material of chief value in the grenadine at bar is any of the articles mentioned in paragraph 501? Assuming without deciding that the importation should be classified in accordance with appellant's contention, if it has shown the component material of chief value to be provided for in said paragraph 501, we think appellant has failed to make the required proof. We have hereinbefore quoted

appellant's pertinent proof and the answer to the protest, in which is found the only matter which discloses or attempts to disclose the nature of the material at bar with respect to its so-called sugar content. The United States analyst found that by testing by the polariscope the *grenadine* contained less than 50 sugar degrees. This is not proof that the "syrup of sugar", which, according to the statement of appellant's witness, went into the grenadine, contained sugar such as is provided for under the first part of paragraph 501, nor does this show that, when tested by the polariscope, it was such a mixture of sugar and water containing above 50 sugar degrees under the second part of paragraph 501. We do not mean here to intimate that this record shows that the "syrup of sugar" which went into the grenadine responds to the term "all mixtures containing sugar and water" as provided for in the paragraph.

Appellant contends here that it has shown that sugar was the most costly ingredient in the grenadine and that the mandatory provisions of paragraphs 1460 and 1559, respectively, should be applied. The difficulty with appellant's contention is that it has not shown that sugar or sugar substances such as are provided for in paragraph 501 are the component materials of chief value. On this phase of the case, appellant stresses the particular applicability of the closing clause of paragraph 1460 which is as follows:

and the value of each component material shall be determined by the ascertained value of such material in its condition as found in the article.

For the reasons stated above, we conclude that the judgment of the United States Customs Court should be, and it is, *affirmed.*