A. Stein & Co. *v.* United States (No. 4328)[1]

[1] C. A. D. 155.

United States Court of Customs and Patent Appeals, January 6, 1941

*Tompkins & Tompkins* (*J. Stuart Tompkins* and *Allerton DeC. Tompkins*, of counsel) for appellant.

*Charles D. Lawrence*, Acting Assistant Attorney General (*Richard H. Welsh*, special attorney, of counsel), for the United States.

[Oral argument December 10, 1940, by Mr. Allerton DeC. Tompkins and Mr. Welsh]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This appeal involves the dutiable classification of certain merchandise, imported at the port of Chicago, which was assessed with duty at 90 per centum ad valorem under paragraph 1529 (a) of the Tariff Act of 1930.

Three protests were filed covering separate shipments of merchandise, each claiming the same to be dutiable at 60 per centum ad valorem under paragraph 1529 (c) of said tariff act, as "Elastic fabrics of whatever material composed, knit, woven, or braided, in part of india rubber." For the purposes of trial the protests were consolidated.

The Customs Court, Second Division, overruled the protests and entered judgment accordingly. From this judgment this appeal was taken.

Paragraphs 1529 (a) and 1529 (c), insofar as they are here pertinent, read as follows:

PAR. 1529. (a) * * * braids, loom woven and ornamented in the process of weaving, or made by hand, or on a lace, knitting, or braiding machine; * * * all the foregoing, and fabrics and articles wholly or in part thereof, finished or unfinished (except materials and articles provided for in paragraphs 915, 920, 1006, 1111, 1504, 1505, 1513, 1518, 1523, or 1530 (e), or in Title II (free list), or in subparagraph (b) of this paragraph), by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act, when composed wholly or in chief value of * * * rayon * * * , 90 per centum ad valorem. * * *

PAR. 1529. (c) * * * Elastic fabrics of whatever material composed, knit, woven, or braided, in part of india rubber, 60 per centum ad valorem.

The involved merchandise consists of elastic material ⅝, ½, and ⅜ inches in width, 36 to 144 yards in length, composed of rayon and india rubber, with fast edges, made on a braiding machine.

Official samples of the merchandise were introduced in evidence, marked Collective Exhibit 1.

It is the contention of appellant that the provision for braids in paragraph 1529 (a) does not cover braided elastic fabric material,

that the material in question is an elastic fabric and not braid, and is specifically provided for in paragraph 1529 (c).

Appellant introduced the testimony of three witnesses, and the Government introduced the testimony of one witness.

The testimony in behalf of appellant was to the effect that merchandise like that here involved is used as "supporters on girdles, as sew-ons, and as elastic put up on reels to be sold to the trade"; that the portion sold to the trade is always sold as "elastic" or "braided elastic" or "Hickory Elastic," and is never sold as braids; that braids are used for ornamental or decorative purposes, or trimming purposes, and that the involved merchandise is not braid within the common meaning of that term.

The witness on behalf of the Government testified that he was familiar with the manufacture and sale of merchandise like that here involved, and that in his experience as a manufacturer he considered it to be "elastic braid," and that it is sold as "braided elastic."

The Customs Court in its decision held that appellant had not established a *prima facie* case overcoming the presumption of correctness of the collector's classification, and that appellant had not established a commercial designation of the term "braid" different from its common meaning.

While appellant's assignments of error are broad enough to bring before us the question of commercial designation of the term "braid," before us appellant contended in effect that the involved merchandise does not come within the common meaning of that term. In any event, we are in agreement with the trial court that the evidence does not establish a commercial designation of the term different from its common meaning.

We are of the opinion that our decision in the case of *United States* v. *Bullocks, Inc.*, 25 C. C. P. A. (Customs) 381, T. D. 49465, should control our decision here. That case involved the question of whether strips of plain elastic material, about 5 inches long and one-fourth of an inch wide, each end being stitched at the corners of silk card-table covers, were braids, bringing the table covers within the provision of paragraph 1529 (a) as being articles composed in part of braid. It was shown that the elastic strips had only a utilitarian purpose, viz, to fasten the card-table cover firmly to the table.

In our opinion in said case we stated:

"Braid" is defined by the lexicographers as follows:

\* \* \* A plait, band, or narrow fabric formed by intertwining or weaving together different strands. \* \* \* A narrow fabric, as of wool, silk, linen, or strands of other material, variously used, as for binding, trimming, or other ornamentation, designs, outlines, etc., in lacework or crocheting, etc. \* \* \* (Webster's New International Dictionary.)

A narrow flat tape or woven strip for binding the edges of fabrics or for ornamenting them. \* \* \* Anything braided, plaited, or interwoven, as a fillet, or plaited hair. (Funk & Wagnalls New Standard Dictionary.)

Narrow elastic braids, not ornamented, composed of cotton and India rubber and silk and India rubber, used solely for utilitarian purposes, have been consistently held by the courts to be dutiable as "braids" under the tariff acts of 1897, 1909, 1913, and 1922. See *Calhoun, Robbins & Co.* v. *United States*, 8 Ct. Cust. Appls. 360, T. D. 37624; *J. Donat & Co. et al.* v. *United States*, T. D. 31000, 19 Treas. Dec. 1037; *Poirier & Lindeman Co.* v. *United States*, T. D. 36584, 31 Treas. Dec. 57.

The provisions for "braids" contained in paragraphs 358 and 1430, respectively of the tariff acts of 1913 and 1922 were substantially the same as the provision for "braids" in paragraph 1529 (a), *supra.*

In the case of *United States* v. *Bullocks, Inc., supra* [24 C. C. P. A. (Customs) 41, T. D. 48330], attention was called to the decision of this court in the case of *Calhoun, Robbins & Co.* v. *United States, supra*, wherein it was held that certain "hat elastics and elastics for making sleeve and children's garters" were dutiable under the provisions of paragraph 358 of the tariff act of 1913 for "braids, loom woven and ornamented in the process of weaving, or made by hand, or on any braid machine, knitting machine, or lace machine, and not specially provided for," and to T. D. 46625, 64 Treas. Dec. 225, 226, paragraph 5 of which was quoted by the court, and to which the court made the following reference:

The statement above quoted from T. D. 46625 quite clearly indicates that the administrative practice under the Tariff Act of 1922, as well as the present act, was to classify articles such as those involved in the way they were classified here

\* \* \* \* \* \* \*

We are unable to hold on the record before us that the presumption of correctness attending the collector's classification of the involved table covers under paragraph 1529 (a), *supra*, as being in part of braid has been overcome. \* \* \*

Appellant contends that our decision in the case of *Calhoun, Robbins & Co.* v. *United States* (cited in our opinion above quoted from) was based upon commercial designation, but such is not the case. We there stated that:

It is clear that the specific term "braids" is broad enough to cover the articles here in question, which consist of hat elastics and elastics for making sleeve and children's garters. \* \* \*

Furthermore, in our opinion in the *Bullocks* case hereinbefore quoted from we expressly held that our decision in said *Calhoun, Robbins & Co.* case was *not* based upon commercial designation.

The merchandise in the case at bar is clearly of the same character as that involved in the *Bullocks* case. There the question was whether elastic strips 5 inches in length and one-fourth of an inch wide was braid within the common meaning of that term. We so held. Here the question is whether elastic fabric in long lengths and of varying widths, the widest being five-eighths of an inch, is braid within the common meaning of that term, and unless we overrule our holding in the cited case we must come to the same conclusion here.

We have no doubt that the involved merchandise is braid within the broad meaning of that term, as similar merchandise was held to be in the *Bullocks* case, *supra*. True, the article there involved was a card-table cover, while here it is claimed that the merchandise is only material to be used in making other articles. However, we could not have held that the card-table covers were composed in part of braid

unless the elastic strips attached to the covers were in fact braid before being so attached. Merely attaching the strips to the covers did not make them braid.

It is true that the contest in the *Bullocks* case, *supra*, was between paragraph 1529 (a) of the Tariff Act of 1930 and paragraph 1211 of the same act, while here the contest is between paragraph 1529 (a) and paragraph 1529 (c).

It is clear to us that if the involved merchandise is braid within the meaning of that term as used in paragraph 1529 (a), it is classifiable thereunder, even though also embraced in paragraph 1529 (c) Certainly paragraph 1529 (a) so provides by the provision therein reading "by whatever name known, and to whatever use applied, and *whether or not named, described, or provided for elsewhere in this Act * * *."* [Italics ours.] This paragraph does, however, except from its purview certain materials and articles embraced in certain other paragraphs, by the provision reading: "except materials and articles provided for in paragraph * * *, or in subparagraph (b) of this paragraph * * *."

In the case of *Madam Adele* v. *United States*, 23 C. C. P. A. (Customs) 305, T. D. 48176, we had occasion to consider whether paragraph 1529 (a) invaded the provisions of paragraph 1529 (c). In our decision we stated:

* * * In subparagraph (a), Congress very carefully indicated those parts of the tariff act it did not intend to invade by the very inclusive language in subparagraph (a). It excepted from its invading powers articles which were provided for in—

paragraphs 915, 920, 1006, 1111, 1504, 1505, 1513, 1518, 1523, or 1530 (e), or in Title II (free list), *or in subparagraph (b) of this paragraph.* [Italics ours.]

Not only did it make exception of the free list and other paragraphs, but it made an exception as to *subparagraph (b) of paragraph 1529,* which paragraph we now have under consideration. If Congress had intended to make exception of subparagraph (c) it seems clear to us that it would have enumerated it in the list of exceptions. See *Glemby's Sons Co. (Inc.)* v. *United States*, 15 Ct. Cust. Appls. 420, T. D. 42591. * * *

See also *United States* v. *Bullocks, Inc.*, 24 C. C. P. A. (Customs) 41, T. D. 48330, at page 44.

Inasmuch as we hold, following the *Bullocks* case first above cited, that the involved merchandise is braid within the meaning of that term as used in paragraph 1529 (a), it is immaterial whether it is also described in paragraph 1529 (c).

Appellant makes the contention that a holding that material such as is here involved is classifiable under paragraph 1529 (a) will leave the last provision of paragraph 1529 (c) wholly inoperative. This does not follow, for there are no doubt many elastic fabrics of much greater width than the merchandise here involved that would not be classifiable as braid, even though made on a braiding machine. Our holding

in the *Bullocks* case, *supra*, was limited to narrow elastic material, following the dictionary definitions quoted in that decision, and our holding here goes no further.

Appellant relies upon the legislative history set out in our decision in the case of *United States* v. *E. De Grandmont, Inc.*, 21 C. C. P. A. (Customs) 17, T. D. 46345, and our conclusion there reached with respect thereto.

This legislative history shows that there was a controversy between the Senate and the House of Representatives as to the width of elastic fabrics to be embraced in the last provision of paragraph 1529 (c), the House bill limiting the provision to fabrics more than 12 inches in width, and the Senate striking out this limitation, which action of the Senate was agreed to in conference. We find nothing in this history to indicate that elastic fabric so narrow as to fall within the common meaning of *braid* was under consideration; neither is there anything in said history to indicate that elastic braid should not be classified under paragraph 1529 (a).

True, in our opinion in said case we stated:

When the context of the competing provisions is considered in the light of the pertinent legislative history, no other reasonable conclusion is left than that Congress intended that all elastic fabrics in part of india rubber should be classified under paragraph 1529 (c), even though described in paragraph 912.

Obviously, this is merely a holding that Congress intended that, as between paragraph 912 and paragraph 1529 (c), elastic fabrics should be classified under the latter paragraph; but we did not hold, and there was no occasion for holding, that an elastic braid should be classified under paragraph 1529 (c) even though embraced in paragraph 1529 (a).

Finally appellant assigns error by the Customs Court in not following, under the rule of *stare decisis*, two previous decisions of the same court embracing, it is contended, similar merchandise. These cases are: *Bush & Co.* v. *United States*, 61 Treas. Dec. 1776, Abstract 20765, decided in June 1932, and *Snedeker & Co.* v. *United States*, 1 Cust. Ct. 544, Abstract 40154, decided in December 1938.

In the first place, we find nothing in said decisions showing that the merchandise there involved was similar to the merchandise here in question. While said decisions involved elastic fabrics, there is nothing contained therein indicating the width thereof.

Moreover, assuming that the merchandise involved in said decisions was of the character of the merchandise here involved, the conclusion there reached that the merchandise was not braid was clearly contrary to our decision in the case of *Calhoun, Robbins & Co.* v. *United States, supra*.

Furthermore, the rule with respect to the application of the doctrine of *stare decisis* has been declared in the case of *Hertz* v. *Woodman*, 218 U. S. 205, as follows:

\* \* \* The rule of *stare decisis*, though one tending to consistency and uniformity of decision, is not inflexible. Whether it shall be followed or departed from is a question entirely within the discretion of the court, which is again called upon to consider a question once decided. \* \* \*

For the reasons hereinbefore stated, the judgment appealed from is *affirmed*.